United States District Court

For the Northern District of California

1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT

8         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
JOSE ANTONIO HERNANDEZ,          )     No. C 07-3778 MMC (PR)
10                                     )
                Petitioner,            )     **ORDER TO SHOW CAUSE;**
11                                     )     **GRANTING LEAVE TO PROCEED**
         v.                            )     **IN FORMA PAUPERIS**
12                                     )
JAMES E. TILTON, Director,             )
13   Department of Corrections,        )
                                       )     **(Docket Nos. 2 & 4)**
14              Respondent.            )
     _____  )
15
16        On July 23, 2007, petitioner, a California prisoner incarcerated at North Kern State

17   Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Petitioner seeks leave to proceed in forma pauperis.

                              **BACKGROUND**
19
20        In 2005, in the Superior Court of Monterey County, petitioner was found guilty of

21   attempted murder, exhibiting a deadly weapon to resist arrest, assault on a peace officer, and

22   being a felon in possession of a firearm.  He was sentenced to a term of forty-three years to

23   life in state prison.  The California Court of Appeal affirmed, and the California Supreme

24   Court denied the petition for review.  Petitioner did not seek state habeas corpus relief.

                               **DISCUSSION**
25
26        This Court may entertain a petition for a writ of habeas corpus "in behalf of a person

27   in custody pursuant to the judgment of a State court only on the ground that he is in custody

28   in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a);

     Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an

United States District Court

For the Northern District of California

1    order directing the respondent to show cause why the writ should not be granted, unless it

2    appears from the application that the applicant or person detained is not entitled thereto."

3    28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the

4    petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See

5    Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison,

6    431 U.S. 63, 75-76 (1977)).

7        Petitioner claims his conviction for attempted murder was based on insufficient

8    evidence, in violation of due process.  Liberally construed, petitioner's claim is cognizable.

9                                        **CONCLUSION**

10       For the reasons stated above, the Court orders as follows:

11       1.  The Clerk of the Court shall serve by certified mail a copy of this order and the

12   petition, along with all attachments thereto, upon respondent and respondent's attorney, the

13   Attorney General for the State of California.[1]  The Clerk shall also serve a copy of this order

14   on petitioner.

15       2.  Respondent shall file with the Court and serve on petitioner, within **ninety (90)**

16   days of the date this order is filed, an answer conforming in all respects to Rule 5 of the

17   Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not

18   be granted based on petitioner's cognizable claims.  Respondent shall file with the answer

19   and serve on petitioner a copy of all portions of the state trial record that have been

20   transcribed previously and that are relevant to a determination of the issues presented by the

21   petition.

22

23

24       [1]Petitioner has named as respondent James E. Tilton, Director of the California
     Department of Corrections.  The rules governing relief under 28 U.S.C. § 2254 require a
     person in custody pursuant to the judgment of a state court to name the "'state officer having
25   custody'" of him as the respondent.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir.
     1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section
26   § 2254).  While the warden of the institution in which the petitioner is incarcerated is the
     typical respondent, the "state officer having custody" also may include "'the chief officer in
27   charge of state penal institutions.'"  Id. (quoting Rule 2(a) advisory committee's note).  In
     California, the Director of Corrections may be named as the respondent, without destroying
28   the federal court's personal jurisdiction over the petition.  See id. at 895, 96.

                                            2

**United States District Court**
For the Northern District of California

1    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

2    the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

3    3.  In lieu of an answer, respondent may file, within **ninety (90)** days of the date this

4    order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory

5    Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files

6    such a motion, petitioner shall file with the Court and serve on respondent an opposition or

7    statement of non-opposition within **thirty (30)** days of the date the motion is filed, and

8    respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of

9    the date any opposition is filed.

10    4.  Petitioner is reminded that all communications with the Court must be served on

11    respondent by mailing a true copy of the document to respondent's counsel.

12    5.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the

13    Court and respondent informed of any change of address and must comply with the Court's

14    orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

15    failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

16    6.  Upon a showing of good cause, requests for a reasonable extension of time will be

17    granted as long as they are filed on or before the deadline they seek to extend.

18    7.  In light of petitioner's lack of funds, the application to proceed in forma pauperis is

19    hereby GRANTED.

20    This order terminates Docket Nos. 2 and 4.

21    IT IS SO ORDERED.

22    DATED: November 15, 2007

23    MAXINE M. CHESNEY
     United States District Judge

24

25

26

27

28