EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
RENÉ A. CHACÓN, State Bar No. 119624
Supervising Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5957
 Fax:  (415) 703-1234
 Email:  rene.chacon@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **JOSE ANTONIO HERNANDEZ,**<br><br>                                    Petitioner,<br><br>          v.<br><br>**JAMES E. TILTON, Director of Corrections,**<br><br>                                    Respondent. | No. C 07-3778 MMC (PR)<br><br>**ANSWER TO ORDER TO SHOW CAUSE** |

     Respondent, James E. Tilton, Director of the California Department of Corrections, provides this Answer to the Order to Show Cause.

**I.
CUSTODY**

     Petitioner is lawfully confined in the custody of the California Department of Corrections and Rehabilitation, pursuant to a judgment imposed by the Monterey County Superior Court on October 27, 2005.  A jury found petitioner guilty of attempted murder of a public official with use of a firearm, Cal. Penal Code §§ 217.1(b), 12022.53(b), aggravated assault on a peace officer with use of a firearm, Cal. Penal Code §§ 245(d)(1), 12022.53(b), exhibiting a deadly weapon to resist

arrest, Cal. Penal Code § 417.8, and being a felon in the possession of a firearm for the benefit of a criminal street gang, Cal. Penal Code §§ 12021(a)(1), 186.22(b)(1).  Petitioner admitted prior conviction allegations of one prior strike, Cal. Penal Code § 1170.12(c)(1), and three prior prison term commitments, Cal. Penal Code § 667.5(b).  The trial court sentenced petitioner to state prison for 30 years to life and a consecutive 13-year term.  *See* Respondent's Exhibit A (hereinafter "CT") at 139-41, 151-52, 159, 161-66, 247-49, 254-55.

## II.
## STATE PROCEDURAL HISTORY

By amended information the Monterey County District Attorney charged petitioner with one count of attempted, deliberate, premeditated murder, Cal. Penal Code §§ 664, 187(a), with use of a firearm, Cal. Penal Code § 12022.53(b); one count of attempted murder of a public official to retaliate for or prevent the performance of that official's duties, Cal. Penal Code § 217.1(b), with use of a firearm, Cal. Penal Code § 12022.53(b); one count of aggravated assault on a peace officer, Cal. Penal Code § 245(d)(1), with use of a firearm, Cal. Penal Code § 12022.53(b); one count of exhibiting a deadly weapon to resist arrest, Cal. Penal Code § 417.8; two counts of being a felon in the possession of a firearm, Cal. Penal Code § 12021(a)(1), for the benefit of a criminal street gang, Cal. Penal Code § 186.22(b)(1); two counts of street terrorism, Cal. Penal Code § 186.22(a); and two counts of second-degree robbery, Cal. Penal Code § 211, with use of a firearm, Cal. Penal Code § 12022.53(b), and for the benefit of a criminal street gang, Cal. Penal Code § 186.22(b)(1). *See* CT at 139-41.  The information alleged one prior strike, Cal. Penal Code § 1170.12(c)(1), and three prior prison term commitments, Cal. Penal Code § 667.5(b).   CT at 139-41.

On August 23, 2005, trial by jury commenced. CT at 129.  On August 29, 2005, petitioner admitted the truth of the alleged priors.  CT at 151-52.  On August 30, 2005, the jury found petitioner guilty of one count of attempted murder with use of a firearm, one count of attempted murder of a public official with use of a firearm, one count of aggravated assault on a peace officer with use of a firearm, one count of exhibiting a deadly weapon to resist arrest, and one count of being a felon in the possession of a firearm.  CT at 159, 161-66.  The jury found the attempted murder was not premeditated and acquitted petitioner on the remaining counts. CT at  159, 167-73.

1    On October 27, 2005, the trial court imposed a prison sentence of 30 years to life, plus 13 years. CT at 247-49, 254-55.

On January 29, 2007, the California Court of Appeal found the count one attempted murder was a necessarily included offense of count two and vacated count one. As modified, the judgment was otherwise affirmed. *See* Respondent's Exhibit B.

On April 11, 2007, the California Supreme Court denied the petition for review. *See* Respondent's Exhibit C.

### III.
### FEDERAL PROCEDURAL HISTORY

On July 23, 2007, petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254. On November 15, 2007, the Court issued the Order to Show Cause. *See* Order to Show Cause.

### IV.
### CLAIMS FOR RELIEF

Respondent denies each of petitioner's claims, denies that any of petitioner's claims state a basis for federal habeas corpus relief, and affirmatively alleges that petitioner's convictions did not result from a violation of any federal constitutional right. Respondent incorporates by reference the Points and Authorities filed in support of the Answer. Respondent specifically responds to the sole claim as follows.

**Insufficient Evidence In Support Of Count Two**

Petitioner has failed to show that the state courts' disposition was "contrary to, or involved an unreasonable application" of *Jackson v. Virginia*, 443 U.S. 307 (1979), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1), (2).

### V.
### EXHAUSTION

Petitioner exhausted his state remedies with respect to the federal claim found cognizable in the instant petition. *Rose v. Lundy*, 455 U.S. 509 (1982); *see* Respondent's Exhibit C.

## VI.
## AVAILABLE TRANSCRIPTS AND RECORD

Respondent has lodged with the Clerk of the Court copies of the relevant state record: Exhibit A (Clerk's Transcript); Exhibit B (Unpublished Court of Appeal Opinion); Exhibit C (Petition for Review and Order Denying Petition for Review); Exhibit D (Reporter's Transcript of Trial).

## VII.
## EXPRESS AND IMPLIED FACTUAL FINDINGS

Respondent alleges that petitioner received a full and fair hearing on all of his claims in the state courts, and that all express and implied factual findings by the state courts are entitled to a presumption of correctness. 28 U.S.C. § 2254(d), (e)(1). Respondent denies that any claim made by petitioner requires an evidentiary hearing by this Court. 28 U.S.C. § 2254(e)(2).

## VIII.
## GENERAL DENIAL

Respondent denies each and every factual or procedural allegation in the petition affording a basis for relief that has not been expressly admitted in the Answer. Respondent incorporates by reference any statements of fact material to the issues herein which are contained in the accompanying memorandum of points and authorities or in the exhibits filed with this Court, to the extent not inconsistent with the respondent's factual allegations herein.

**CONCLUSION**

Accordingly, respondent respectfully requests that the Court deny the petition for writ of habeas corpus.

Dated: February 11, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General


/s/ René A. Chacón
RENÉ A. CHACÓN
Supervising Deputy Attorney General

Attorneys for Respondent

RAC:eaw
40216106.wpd
SF2007403126

Answer to Order to Show Cause                                             No. C 07-3778 MMC (PR)

5