IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

Mr Jose Antonio HERNANDEZ

    Petitioner

vs.

Mr James E. TILTON

    Respondent

CASE No _____

MONTEREY COUNTY

No C 07-3778 MMC (PR)

PETITIONERS OPPOSITION TO
RESPONDENTS ANSWER TO ORDER TO
SHOW CAUSE

Mr Jose Antonio Hernandez
In Pro Per.



PAPER
F CALIFORNIA
3 (REV. 3-95)

10024

# TABLE OF CONTENTS

PAGE (S)

TABLE OF AUTHORITIES _____ 2

VERIFICATION _____ 4

BACK GROUND _____ 5. 6

STATEMENT OF FACTS _____ 6

ARGUEMENT _____ 10

CONCLUSION _____ 15

ORDER TO SHOW CAUSE _____ 17

PROOF OF SERVICE _____ 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27



PAPER
F CALIFORNIA
3 (REV. 3-95)
10024

/

1    _TABLE OF AUTHORITIES_

2

3                                                    _PAGE(S)_

4    _UNITED STATES CONSTITUTION_

5    _AMENDMENTS_: 5th 6th 8th

6    AND 14th _____    10

7

8    _CALIFORNIA CONSTITUTION_

9    _ARTICLE(S)_ I §§ 1, 7, 15,

10   16 AND 17. _____    10

11

12   _SULLIVAN_ V _LOUISANA_. (1993) 500

13   U.S 275, 278 _____    10

14   _JACKSON_ V. _VIRGINIA_. (1979) 443

15   U.S 307. 319. _____    11, 15

16   _RIEBAL_ V _STATE_ (1985) 106 Nev. 258

17   [790 P.2d. 1004] _____    11

18   _STATE_ V. _MILLS_ (1992) 62 OHIO St.

19   3d, 357, 370 [582 N.E. 2d 972. 984] _____    12

20   _BROWN_ V. _STATE_ (1985) 64 Md. App

21   324. 330 - 332 [494; A. 2d 999. 1002 -1003] _____    12

22   _STATE_ V. _HAWKINS_ (La. Ct. App. 1994)

23   631. So. 2d 1288, 1290; _____    12

24   _PEOPLE_ V. _OKUNDAYE_. (1989) 189 Ill. App

25   3d 601. 605 [545 N.E 2d 505. 509] _____    12

26   _MERRITT_ V. _COMMONWEALTH_ (1935) 164

27   Va. 653. 663 [180 S.E. 395. 399 - 400]. _____    13

T PAPER
OF CALIFORNIA
13 (REV. 3-95)
10024

1    _PEOPLE V MICELI_ (2002) 104 Cal.

2    App 4th 256, 269

PAGE (S)

13

VERIFICATION

I JOSE A HERNANDEZ, declare:
I am over the age of 18 and a Resident
of Kern Valley State Prison located in Delano
California. I am mailing this Verification
on my own behalf.

I wrote the forgoing OPPOSITION TO.
RESPONDENTS ANSWER TO ORDER SHOW
CAUSE. and know the contexts there of to be
true to the best of my knowledge, inform-
ation, or belief.

I declare under Penalty of perjury
under the laws of the State of California
that the Foregoing is true and Correct

Executed in Delano, California
on this ___5th___ day of ___March___ 2008

Respectfully Submitted

Jose L Hernandez
In Reo Per.

PAPER
F CALIFORNIA
3 (REV. 3-45)
10924

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE ANTONIO HERNANDEZ,

    Petitioner

Vs.

JAMES E. TILTON, Director
Department of Corrections,

    Respondent

CASE No _____

No. C07-3778 MMC (PR)

PETITIONERS OPPOSITION TO
RESPONDENTS ANSWER TO
ORDER TO SHOW CAUSE

PLEASE TAKE NOTICE. On July 23, 2007. Petitioner, A California Prisoner, Incarcerated at North Kern State Prison, and Proceeding Pro Se Filed the above-titled petition For writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On November 15, 2007. This Honorable Court Issued an Order to Show Cause; Granting leave to Proceed in Forma Pauperis.

T PAPER
OF CALIFORNIA
13 (REV. 3-95)
10024

5

1    On Feb 19, 2008. Petitioner received and
2    was Served respondents Answer to Order to
3    Show Cause.

4

5

6    BACK GROUND

7

8    In 2005, In the Superior Court of
9    Monterey County. Petitioner was Found
10   guilty of Attempted Murder, Exhibiting a
11   deadly weapon to Resist Arrest, Assault on
12   a peace officer, and being a felon in
13   Possession of a firearm. Petitioner was
14   Sentenced to the term of Forty-three
15   years to life in a State Prison. The
16   California Court of Appeal affirmed,
17   and the California Supreme Court Denied
18   the petition for Review.

19

20

21   STATEMENT OF FACTS

22

23   In response to information that petitioner
24   was a parolee at large from Imperial County
25   and was in King City at 404 Vanderhurst. On
26   November 30, 2004, parole agents Team of
27   Davis, Bottorff, and Ben Jimenez decided

1  to go there and arrest him (RT 93-94, 161.) They
2  were dressed in plain clothes and were driving
3  a dirty 1997 Jeep Cherokee. (RT 98.) On
4  the way they stopped at the police Station to
5  request assistance, but were told the officers
6  would not be available for another 20 minutes.
7  (RT 97-98.) The agents decided to drive by
8  the residence. (RT 99.)

9        As they passed near the residence, they
10  noticed petitioner Standing outside a white
11  Car Speaking with the driver (RT 103-104.)
12  They decided to apprehend him. (RT 106.)
13  They got out of the Jeep and approached
14  him. Following a preconceived plan. Davis
15  told petitioner he was Supposed to meet his
16  daughter and granddaughter at a School
17  or park in the area, and that he got lost
18  getting off the freeway. (RT 107.) Petitioner
19  walked up to them and started giving them
20  directions and pointing (RT 129.)

21        At that point, Agent Jimenez called
22  out petitioners name, Jose, and Davis Said,
23  "State Parole, you're under arrest." (RT 108-
24  109, 153, 189.) Davis tried to grab petit-
25  ioners Right arm, and Bottorff grabbed
26  his left arm, but petitioner Spun away
27  and, according to Bottorff, Said "You're

1  not taking me." Then he tried to run away.
2  (RT 111, 190.) Davis grabbed him around the
3  waist, and the three of them went to the ground
4  on a grassy area by the sidewalk. (RT 111-
5  112, 154.) Petitioner bounced right back up to
6  a standing position. (RT 132.) Davis grabbed
7  his left ankle and his belt, while, Jimenez
8  grabbed his neck, and they went to the
9  ground again. This time Jimenez was at
10  the bottom of the pile facing up, with Petit-
11  ioner directly on top of him facing down,
12  and Bottorff and Davis above them ( RT 113-
13  115, 135, 154-155, 190-191.)

14      Bottorff still had a hold of petitioners
15  left arm. Petitioners right arm was underneath
16  his body. (RT 156-157.) Jimenez, concerned that
17  petitioner would grab his weapon, yelled, "Spray
18  him." Bottorff sprayed petitioner with pepper
19  spray. When petitioner continued to resist,
20  Bottorff sprayed him a second time. (RT 155,
21  192-193.) According to Jimenez, it is at this
22  point that petitioner said, "Fuck it, you
23  won't take me". (RT 193.) Then Jimenez saw
24  petitioners right hand holding a revolver
25  in shooting position. Jimenez yelled, "He's
26  got a gun." (RT 157-158, 193.) Petitioner
27  could have fired the gun at any time. (RT

8

205.) When Bottorff saw petitioners right hand come out from under his body to the right, he pinned petitioners arm to the ground, and hit it twice against the ground, causing the gun to be released from petitioners hand. (RT 157-159.)

Jimenez had managed to extract himself from the pile and got up. (RT 195.) He saw the gun lying on the ground. (RT 205.) He remarked to Davis, "He pointed a gun at my head." (RT 116.) Bottorff handed the gun to Davis. (RT 117, 142, 159, 196.) Petitioner stopped resisting and the agents handcuffed him. (RT 159.) In a search of petitioner's person, a brown holster, black gloves, and a ski mask were found. (RT 119.) When officer John Peters arrived, he took custody of the gun. (RT 118.)

//
//
//
//
//
//
//

9

## ARGUEMENT

## I

THE LOWER STATE COURTS
DISPOSITION AS TO COUNT TWO CONVICTION/
SENTENCING VIOLATED PETITIONERS STATE
AND FEDERAL RIGHTS TO DUE PROCESS OF
LAW.

The State Courts and Respondents determination that the evidence of Attempted murder was Substantial Cannot be Supported. The Conclusion that petitioner Attempted to murder Jimenez when he repeatedly pointed the gun at his head has no support in the Case Law. As it is evident from the Lower Courts failure to Cite any Comparable Case.

Convictions based on legally insufficient proof of Guilt violate a Criminal defendants State and Federal Rights to due process of law and to a Fair trial, and Reliable guilt and penalty determinations. U.S Const., 5th, 6th, 8th & 14th Amends; Cal Const., art. I §§ 1, 7, 15, 16 & 17. Sullivan

1   V. LOUISANA (1993) 500 U.S. 275, 278. " The
2   Due Process Clause protects the Accused against
3   Conviction exept proof beyond a Reasonable
4   Doubt of every fact necessary to constitute
5   the Crime with which he is Charged.
6   Jackson V. Virginia 443 U.S 307, 319, (1979)
7        Cases from other Jurisdictions
8   explicitly hold that pointing a gun at
9   Someone Cannot in and of itself Support
10  an attempted Murder Conviction. In
11  Riebal V. State 106 Nev. 258. (1985) [790
12  P. 2d 1004] The Defendant pointed a gun
13  at officers while fleeing from the Comm-
14  ission of a Robbery. The Supreme Court
15  Reversed. Stating ; Although pointing a
16  gun goes beyond mere preparation [citation]
17  Merely pointing a gun is not Sufficient
18  to Convict for attempted Murder ". The
19  Court found that the State had not proved
20  it's Case because it presented no evidence
21  that the defendant acted overtly toward
22  Committing the Crime of attempted Murder."
23  and no proof that he attempted to fire
24  the gun.
25        As in this Case. Petitioner according
26  to the Transcripts of testimony Could
27  have fired the Gun at any time ( RT 205.)

11

1    Similarly, the Supreme Court of OHIO
2    found insufficient evidence of attempted
3    murder where the defendant, while running
4    from pursuing officers, turned and aimed the
5    gun on them. State v. Mills 62 OHIO St. 3d
6    357, 370 [582 N.E. 2d 972, 984]. In Brown
7    v. State (1985) 64 Md. App. 324, 330-332 [494;
8    A. 2d 999, 1002-1003]: The Appellate Court
9    disapproved an instruction stating that "One
10   may be guilty of assault with intent to murder
11   by pointing a deadly weapon at a vital part
12   of another persons body" after concluding
13   that a finding of an intent to murder may
14   not be based solely on pointing the weapon
15   at an officer. A Louisiana appellate court
16   reversed an attempted murder conviction
17   where the defendant held a gun to the
18   victim's head and threatened to shoot
19   him, and the shot into the victims van.
20   The court reasoned that the defendant
21   had numerous opportunities to shoot the
22   victim but did not, he held the gun to
23   the victim's head, yet did not shoot or
24   attempt to shoot him, and the victim,
25   although shaken, remained unscathed
26   State v. Hawkins (La. Ct. App. 1994) 631,
27   So.2d 1288, 1290; See also, People v. Okundaye

1  (1989) 189 Ill. App. 3d 601, 605 [ 545 N.E.2d
2  505, 509]; Merritt v. Commonwealth (1935)
3  164 Va. 653. 663 [180 S.E. 395, 399-400].)
4       Like California, other jurisdictions
5  require unambiguous conduct or statements
6  by the defendant indicating an intent to kill
7  in addition to evidence that the defendant
8  pointed the weapon at the victim. For example,
9  fatally shooting another person immediately
10 before pointing a gun at the victim is
11 conduct indicative of an intent to kill, or
12 firing the gun in the air, and then the
13 victim or even pointing the gun at the
14 victim, and repeatedly pulling the trigger.
15      Apart from repeatedly pointing a
16 gun at Jimenez's head, Petitioner did not
17 engage in any conduct or made any state
18 ments indicating he intended to kill Jimenez
19 and not just assault him. Petitioner's conduct
20 would have quilified him for a conviction
21 of assault with a deadly weapon. People
22 V. Miceli (2002) 104 Cal. App 4th 256, 269
23 [pointing a loaded gun in a threatening manner
24 at another, especially if accompanied by
25 threats to shoot, constitutes an assault].
26      However, an intent to Murder cannot
27 be inferred from the commission of the

1    Crime of assault with a deadly weapon, but
2    most be affirmatively proved by direct
3    evidence or by Solid inference.

4        Petitioners Statement, "You Won't take
5    me," Cannot and Should not transform the
6    assault into Attempted Murder. It did not
7    either literally or indirectly indicate
8    an intention to Kill Jimenez. Whether
9    petitioner made the Statement at the Start
10   of the Struggle, as Bottorff testified, or before
11   he extracted the gun from his pocket, as
12   Jimenez stated, it only indicated only his
13   intention to get away. Petitioners Conduct
14   was Consistent with this intent, and In Con-
15   Sistent with an intent to Kill Jimenez.
16   Petitioner tried to Run, bounced back up
17   the first time he was taken down, and he
18   Continued to Struggle to get away until he
19   was Subdued. At the Same time and most
20   important petitioner passed up opportunities
21   to Shoot Jimenez.

22
23   //
24   //
25   //
26   //
27   //

T PAPER
OF CALIFORNIA
13 (REV. 3-95)
) 10024

14

CONCLUSION

The Lower States Court determination and Ruling that the evidence of attempted murder was Substantial Cannot be Supported. It's Conclusion that petitioner attempted to Murder Jimenez when petitioner repeatedly pointed the gun at HAS no Support in the Case law, as is evident from the Court and Respondents Failure to Cite any Comparable Case. (Op., 11-12)

Under the Federal Constitution, evidence is Sufficient to Support a State Conviction only if, "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact Could have found essential elements of the Crime beyond a reasonable doubt." Jackson v. Virginia, Supra, 443 U.S. a p. 319.) What is required is "evidentiary Certainty"

The evidence in this Case does not meet that Standard because the prosecution proved neither an intent to Kill nor an attempt to do So. Accordingly, the absence of Sufficient evidence to Support petitioners Conviction of Attempted Murder on

T PAPER
OF CALIFORNIA
13 (REV. 3-95)
10024

15

1  parole agent Jimenez on Count 2 violated
2  petitioners Federal and State Constitutional
3  Rights

4      Accordingly, Petitioner respectfully
5  asks this Honorable Court to grant
6  writ of Habeas Corpus.

7

8

9

10

11

12

13

14

15

16                    Respectfully Submitted

17

18

19          _____ Jose A Hernandez _____

20

21                         In Pro Per

22

23  Dated: March 5th 2008

24

25

26

27

PAPER
OF CALIFORNIA
13 (REV. 3-95)
10024

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

<u>ORDER TO SHOW</u>

<u>CAUSE</u>

No. C07-3778 MMC (PR)
Nov. 15, 2008


PAPER
OF CALIFORNIA
13 (REV. 3-95)
10824

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For the Northern District of California

**FILED**

NOV 1 5 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE ANTONIO HERNANDEZ,               )    No. C 07-3778 MMC (PR)
                                       )
                Petitioner,            )    **ORDER TO SHOW CAUSE;**
                                       )    **GRANTING LEAVE TO PROCEED**
        v.                             )    **IN FORMA PAUPERIS**
                                       )
JAMES E. TILTON, Director,             )
Department of Corrections,             )
                                       )    **(Docket Nos. 2 & 4)**
                Respondent.            )
_____)

On July 23, 2007, petitioner, a California prisoner incarcerated at North Kern State
Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254. Petitioner seeks leave to proceed in forma pauperis.

**BACKGROUND**

In 2005, in the Superior Court of Monterey County, petitioner was found guilty of
attempted murder, exhibiting a deadly weapon to resist arrest, assault on a peace officer, and
being a felon in possession of a firearm. He was sentenced to a term of forty-three years to
life in state prison. The California Court of Appeal affirmed, and the California Supreme
Court denied the petition for review. Petitioner did not seek state habeas corpus relief.

**DISCUSSION**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person
in custody pursuant to the judgment of a State court only on the ground that he is in custody
in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a);
Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an

/8

1  order directing the respondent to show cause why the writ should not be granted, unless it
2  appears from the application that the applicant or person detained is not entitled thereto."
3  28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the
4  petition are vague or conclusory, palpably incredible, or patently frivolous or false. <u>See</u>
5  <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990) (quoting <u>Blackledge v. Allison</u>,
6  431 U.S. 63, 75-76 (1977)).

7  Petitioner claims his conviction for attempted murder was based on insufficient
8  evidence, in violation of due process. Liberally construed, petitioner's claim is cognizable.

9  **CONCLUSION**

10  For the reasons stated above, the Court orders as follows:

11  1. The Clerk of the Court shall serve by certified mail a copy of this order and the
12  petition, along with all attachments thereto, upon respondent and respondent's attorney, the
13  Attorney General for the State of California.[1] The Clerk shall also serve a copy of this order
14  on petitioner.

15  2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)**
16  days of the date this order is filed, an answer conforming in all respects to Rule 5 of the
17  Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not
18  be granted based on petitioner's cognizable claims. Respondent shall file with the answer
19  and serve on petitioner a copy of all portions of the state trial record that have been
20  transcribed previously and that are relevant to a determination of the issues presented by the
21  petition.

---

23  [1]Petitioner has named as respondent James E. Tilton, Director of the California
24  Department of Corrections. The rules governing relief under 28 U.S.C. § 2254 require a
person in custody pursuant to the judgment of a state court to name the "'state officer having
25  custody'" of him as the respondent. <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir.
1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section
26  § 2254). While the warden of the institution in which the petitioner is incarcerated is the
typical respondent, the "state officer having custody" also may include "'the chief officer in
27  charge of state penal institutions.'" <u>Id.</u> (quoting Rule 2(a) advisory committee's note). In
California, the Director of Corrections may be named as the respondent, without destroying
28  the federal court's personal jurisdiction over the petition. <u>See id.</u> at 895, 96.

2

1    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

2  the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

3    3. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this

4  order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory

5  Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files

6  such a motion, petitioner shall file with the Court and serve on respondent an opposition or

7  statement of non-opposition within **thirty (30)** days of the date the motion is filed, and

8  respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of

9  the date any opposition is filed.

10    4. Petitioner is reminded that all communications with the Court must be served on

11  respondent by mailing a true copy of the document to respondent's counsel.

12    5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the

13  Court and respondent informed of any change of address and must comply with the Court's

14  orders in a timely fashion. Failure to do so may result in the dismissal of this action for

15  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

16    6. Upon a showing of good cause, requests for a reasonable extension of time will be

17  granted as long as they are filed on or before the deadline they seek to extend.

18    7. In light of petitioner's lack of funds, the application to proceed in forma pauperis is

19  hereby GRANTED.

20    This order terminates Docket Nos. 2 and 4.

21    IT IS SO ORDERED.

22  DATED:  **NOV 1 5 2007**

23                                                    MAXINE M. CHESNEY
                                                     United States District Judge

24

25

26

27

28

For the Northern District of California

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


JOSE ANTONIO HERNANDEZ,

Plaintiff,

v.

JAMES E. TILTON et al,

Defendant.

_____/

Case Number: CV07-03778 MMC

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 15, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Jose Antonio Hernandez
North Kern State Prison
K-55991
P.O. Box 5104
Delano, CA 93216

Dated: November 15, 2007

Richard W. Wieking, Clerk

*Tracy Lucero*

By: Tracy Lucero, Deputy Clerk

1  <u>DECLARATION OF SERVICE BY MAIL</u>

2

3  Re: <u>Mr Jose Antonio Hernandez</u>

4

5  I, <u>Mr Jose Antonio Hernandez</u>, reside in the

6  County of Delano, California, I am over the

7  age of 18.

8

9  I Served a Copy of the attached Document

10  OPPOSITION TO RESPONDENTS ANSWER TO ORDER TO

11  SHOW CAUSE, on all parties in this Action by

12  placing a true Copy there of in an envelope

13  addressed as Follows:

14  <u>Office of the Clerk. U.S.D.C</u>        <u>Office of the Attorney General</u>

15  <u>Northern District of California</u>    <u>455 Golden Gate Ave Suite 11000</u>

16  <u>280 South First Street Room 2112</u>   <u>San Francisco, California</u>

17  <u>San Jose, Ca    95113-3095</u>          <u>94102-3664</u>

18

19  Each envelope was then Sealed. Fully pre-paid

20  postage was affixed, and each envelope was

21  deposited in the United States Mail at Delano, CA

22  on <u>March 5th, 2008</u>

23

24  I declare under penalty of perjury that

25  the Foregoing is true and Correct.

26                                      Respectfully Submitted:

27  Executed on <u>March 5th 2008</u>     Jose A Hernandez
                                            In Pro Per



P.O. Box
Delano,

95216

BAKERSF...

BAKERSF... CA

Office of the Clerk, U.S.
Northern District of California
280 South First Street, Room
San Jose, CA
95113-30